IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOUNTAIN MARKETING GROUP, LLC,

                                            OPINION AND ORDER

           Plaintiff,

                                                14-cv-33-bbc

   v.

HEIMERL & LAMMERS, LLC,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Mountain Marketing Group, LLC is suing defendant Heimerl & Lammers, LLC for using the telephone number "612-INJURED" and the domain name "612INJURED.com." Plaintiff says that defendant's telephone number and domain name violate various federal and state intellectual property laws because they are too similar to plaintiff's marks for "1-800-INJURED" and "1-888-INJURED."

      Defendant has filed a motion to dismiss for lack of personal jurisdiction and improper venue. In the alternative, defendant asks the court to transfer the case to Minnesota, where its office and employees are located. Dkt. #10. Defendant has a strong argument that an exercise of personal jurisdiction would not be appropriate in Wisconsin in the context of this case, but even if I assume that jurisdiction is present, I agree with defendant that the case should be transferred to Minnesota because that district is clearly more convenient.

OPINION

In its motion, defendant says that it is a five-lawyer firm located in Minneapolis, Minnesota. It has no offices in Wisconsin and does not take cases in Wisconsin courts. None of its lawyers are admitted to practice law in Wisconsin in state or federal court.

In support of an exercise of personal jurisdiction, plaintiff relies on the following evidence:

(1) one of defendant's websites, www.tom-law.com, includes the statement, "We represent car accident victims throughout the Twin Cities and in western Wisconsin";

(2) defendant admits that it has represented Wisconsin residents who have been involved in car accidents in Minnesota;

(3) defendant's website www.612injured.com may be accessed in Wisconsin;

(4) defendant includes the website www.612injured.com on billboards in Minnesota;

(5) in a declaration, Charles Barkin, who identifies himself as plaintiff's "founder," avers that one of plaintiff's licensees, Krueger Law Firm, is injured when defendant uses plaintiff's mark because Krueger "uses the licensed 1-800-INJURED trademark to advertise its legal services in Wisconsin via internet and television," dkt. #16.

It is questionable whether any of this evidence is sufficient to make out a prima facie showing that an exercise of jurisdiction over defendant is appropriate in Wisconsin in the context of this case. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) ("[W]hen the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, . . . the plaintiff need only make out a prima facie case of personal jurisdiction.") (internal

<sub>
</sub>

quotations omitted). Under the due process clause, two requirements of personal jurisdiction are that "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state" and "(2) the alleged injury must have arisen from the defendant's forum-related activities." Felland v. Clifton, 682 F.3d 665, 673 (7th Cir. 2012) (internal quotations and citations omitted). (Alternatively, the plaintiff could show that defendant has "continuous and systematic general business contacts," Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984), but plaintiff does not argue that it can make that showing, so I do not consider that issue.)

Plaintiff's first two pieces of evidence (the statement from www.tom-law.com and defendant's admission that it has represented Wisconsin residents) might satisfy the first requirement of purposeful availment because they could be viewed as solicitation of business from Wisconsin. Logan Products, Inc. v. Optibase, Inc., 103 F.3d 49, 52-53 (7th Cir. 1996). However, plaintiff has not established a connection between those contacts and its alleged injury, which is the second requirement. Plaintiff alleges that the statement about representing clients from Wisconsin appears on the website www.tom-law.com, not the allegedly infringing website www.612INJURED.com. Further, plaintiff does not cite any evidence to support a view that any of the Wisconsin clients contacted defendant through www.612INJURED.com or 612-INJURED.

The third and fourth pieces of evidence (the billboard and the website www.612INJURED.com) seem to have the opposite problem: they are related to plaintiff's

3

alleged injury but they do not involve conduct by defendant that is aimed at Wisconsin. It is undisputed that defendant's billboard with "612-INJURED" on it is in Minnesota, not Wisconsin. Although it is possible that Wisconsin residents could have seen the billboard if they visited Minneapolis, defendant has no control over who decides to visit and it is well established that unilateral conduct by a third party is not enough to confer personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)("This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person.")(citations omitted).

With respect to the www.612INJURED.com website, both this court and the Court of Appeals for the Seventh Circuit have held that a party may not be sued in a state simply because it has a website that may be accessed in the state. be2 LLC v. Ivanov, 642 F.3d 555, 558-59 (7th Cir. 2011); Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 444-46 (7th Cir. 2010); Hy Cite Corp. v. Badbusinessbureau.com, L.L.C., 297 F. Supp. 2d 1154, 1159 (W.D. Wis. 2004). If that were the rule, it would subject anyone with a public website to lawsuits virtually anywhere in the world. Instead, the plaintiff must show that the defendant "deliberately targeted or exploited" the relevant state's market. be2LLC, 642 F.3d at 659. Because plaintiff does not point to any evidence that defendant used 612INJURED.com to target Wisconsin business, the website cannot serve as the basis for suing defendant in Wisconsin.

Finally, Barkin alleges in an affidavit that one of plaintiff's licensees uses the "1-800-

INJURED" mark in Wisconsin, but that adds nothing.  To begin with, Barkin provides no foundation for his statement that its licensee uses the mark in Wisconsin.  Particularly because the licensee's website identifies the licensee as a *Minnesota* business, http://kruegerlawfirm.com/, plaintiff needed to be more specific.  In any event, conduct by the plaintiff's licensee in Wisconsin is irrelevant to the personal jurisdiction question unless plaintiff can tie some injury the licensee suffered to efforts by *defendant* to target Wisconsin business.  Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) ("[H]owever significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated.") (internal quotations omitted).  As discussed above, plaintiff has failed to make the necessary connection.

Even if I assume that it would be appropriate to exercise personal jurisdiction over defendant in this case, I would grant defendant's request to transfer this case to Minnesota under 28 U.S.C. § 1404 on the ground that Minnesota is a clearly more convenient forum. Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (court may grant motion to transfer venue without deciding whether court may exercise personal jurisdiction over defendants). It is undisputed that neither party is located in Wisconsin or has any offices or employees here.  Defendant is located in Minnesota; plaintiff alleges in its complaint that its principal place of business is in Arizona. Cpt. ¶ 1, dkt. #1. Thus, regardless whether the case proceeds in Wisconsin or Minnesota, plaintiff will experience some inconvenience.  The only Wisconsin connection plaintiff identifies is the license to Krueger Law Firm, but as discussed above, that connection is tenuous.  Particularly because plaintiff acknowledges that it

licenses its mark "around the nation," Plt.'s Br., dkt. #15, at 10, a vague allegation about one licensee advertising in Wisconsin is not a compelling connection.

"Generally, when venue would be clearly more convenient in another district for at least one party and none of the parties have significant ties to Wisconsin, the practice of this court is to transfer." Hangartner v. Intel Corp., 13-cv-663-bbc, 2014 WL 266802 (W.D. Wis. Jan. 24, 2014) (citing DeLaval International AB v. Alpha Tech. U.S.A. Corp., 13–cv–673–bbc, 2014 WL 37309 (W.D. Wis. Jan. 3, 2014); Wacoh Co. v. Chrysler LLC, 08–cv–456–slc, 2009 WL 36666 (W.D. Wis. Jan. 7, 2009); Carson v. Flexible Foam Products, Inc., 08–cv–095–bbc, 2008 WL 1901727 (W.D. Wis. Apr. 23, 2008); Deb Worldwide Healthcare, Inc. v. Betco, Corp., 08–cv–52–bbc, 2008 WL 2035529 (W.D. Wis. May 9, 2008); Snyder v. Revlon, Inc., 06–C–394–C, 2007 WL 791865 (W.D. Wis. Mar. 12, 2007). Although plaintiff says that the average time to trial is four months faster in this court than in Minnesota, "I have never found that [relative speed] is a sufficient reason by itself to keep a case in a district that has no special connection to the dispute." Id. Particularly because plaintiff does not develop an argument why speed is more important in this case than in any other case proceeding in the federal courts, I see no reason why the small difference should be dispositive.


ORDER

IT IS ORDERED that defendant Heimerl & Lammers, LLC's motion to transfer this case to the United States District Court for the District of Minnesota, dkt. #10, is

GRANTED. Defendant's motion to dismiss the case for lack of personal jurisdiction or improper venue is DENIED as moot.

Entered this 27th day of March, 2014.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge